**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DIONNE DILLARD,<br><br>          *Plaintiff*,<br><br>     v.<br><br>DISTRICT OF COLUMBIA COLLEGE<br>ACCESS PROGRAM,<br><br>          *Defendant*. | Civil Action No. 23-538 (TJK) |

**MEMORANDUM OPINION**

In September 2021, Dionne Dillard was terminated by her then-employer, the District of Columbia College Access Program ("DC-CAP"). According to Dillard, DC-CAP (1) failed to accommodate her religious beliefs, (2) discriminated against her on the basis of sex, and (3) unlawfully terminated her. DC-CAP moves to dismiss Dillard's complaint, arguing that she has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because she did not file it within 90 days of receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission. For the reasons explained below, the Court will grant the motion.

**I.      Background**

According to the Amended Complaint, Dillard was first hired by DC-CAP in September 2020. ECF No. 8-1 at 5. Upon learning of DC-CAP's new COVID-19 policy and realizing that the policy conflicted with her religious beliefs, Dillard requested a reasonable accommodation but received no response. *Id.* In contrast, she alleges, DC-CAP *did* grant similarly situated male employees a religious accommodation with respect to the new policy. *Id.* at 6. Dillard also claims that she was subject to threatening and discriminatory comments on account of her religious beliefs, and that she was eventually fired in retaliation for complaining about these comments and

for complaining about the lack of response to her accommodation request.  *Id.* at 6–9.

On March 7, 2022, Dillard filed a charge with the D.C. Office of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC") for retaliation and unlawful religious discrimination.  ECF No. 8-1 at 2.  The next day, the EEOC sent her a notice, often called a "right-to-sue" letter, titled "Determination and Notice of Rights."  *See* ECF No. 9-2 at 2.  Such letters are how the EEOC communicates to charging parties what is known as a "no cause" determination.  Procedural Regulations Under Title VII, ADA, and GINA, 85 Fed. Reg. 65214, 65215 (Oct. 15, 2020).  The letter informed Dillard that the EEOC would "not proceed further with its investigation" and of its "dismissal" of her charge.  ECF No. 9-2 at 2.  The letter also informed her that she could file a lawsuit based on her charge, but instructed her that any lawsuit "**must be filed WITHIN 90 DAYS of [her] receipt of this notice**" and that if she failed to do so, her "right to sue based on this charge will be lost."  *Id.* (emphasis in original).

About four months later, on July 6, 2022, Dillard faxed a new charge letter to the EEOC and received confirmation of its receipt.  ECF No. 8-1 at 3.  This new charge re-alleged the same religious discrimination and retaliation claims from her previous charge, but also added a new claim of sex discrimination and included additional facts in support of that claim.  ECF No. 8-1 at 3; ECF No. 9-3 at 2.  On November 28, 2023, the EEOC "issued" this second charge, and the next day it sent Dillard another right-to-sue letter.  ECF No. 8-1 at 4.

Dillard filed this action on February 27, 2023 and amended her complaint three months later.  DC-CAP moved to dismiss for failure to state a claim under Federal Rule of Procedure 12(b)(6), arguing that Dillard forfeited her right to bring this action because she failed to sue within 90 days of receiving the first right-to-sue letter in March 2022.

## II.   Legal Standard

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint."

*Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).  "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Id.* (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  In reviewing such a motion, the Court is limited to "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III.    Analysis

### A.    Count Two (Sex Discrimination)

As an initial matter, Dillard concedes, and the Court agrees, that Count Two of the Amended Complaint—the sex discrimination claim—must be dismissed because it was untimely filed with the EEOC.  Under EEOC regulations, a claimant has 300 days from an alleged incident to file a charge of discrimination.  29 C.F.R. § 1601.13(a)(4)(ii)(A); *see also Simms v. Ctr. for Corr. Health & Pol'y Stud.*, 794 F. Supp. 2d 173, 188 (D.D.C. 2011).  The parties agree that Dillard's second charge, the first to assert a sex discrimination claim, was filed more than 300 days after the incident supposedly took place on September 16, 2020.  ECF No. 14 at 1; ECF No. 13 at 4.  Thus, the claim based on it must be dismissed.[1]

---

[1] Dillard concedes that this claim does not "relate back" to her first EEOC charge.  A subsequent or amended EEOC charge is said to "relate back to the date the charge was first received" if it contains "additional acts which constitute unlawful employment practices related to or

**B.      Counts One (Religious Discrimination) and Three (Unlawful Termination)**

The remaining claims present a timeliness issue of their own.  A plaintiff must file a Title VII suit "within ninety days after obtaining notice of [the plaintiff's] right to sue from the EEOC." *Dougherty v. Barry*, 869 F.2d 605, 609 (D.C. Cir. 1989); *accord* 42 U.S.C. § 2000e-5(f)(1).  This "90-day period is not a jurisdictional prerequisite to filing suit in federal district court but operates as a statute of limitations and is subject to waiver and equitable tolling."  *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 n.6 (1984) (per curiam)).  Thus, under Title VII, "[i]n the absence of any waiver or equitable tolling defense, [] a failure to initiate litigation within the 90-day period requires dismissal" of any claim.  *Jackson-Pringle v. Wash. Metro. Area Transit. Auth.*, No. 20-cv-1880 (JDB), 2022 WL 2982107, at *2 (D.D.C. Jul. 28, 2022).

The parties agree that Dillard failed to file this action within 90 days of receiving her first right-to-sue letter in March 2022.  And Dillard does not argue that she is entitled to equitable tolling.[2]  Thus, this situation would seem to present an easy case for dismissal.

---

growing out of the subject matter of the original charge."  29 C.F.R. § 1601.12(b).  In this jurisdiction, courts have held that "subsequent filings cannot be said to 'relate back' to the original EEOC charge[ when] they add an entirely new substantive theory."  *Proctor v. D.C.*, 74 F. Supp. 3d 436, 456 (D.D.C. 2014); *see also Wilson v. Commc'ns Workers of Am.*, 767 F. Supp. 304, 306 (D.D.C. 1991).  While Dillard's first charge included claims of religious discrimination and unlawful retaliation, the second charge added the entirely new substantive theory of sex discrimination, which is "fundamentally distinct from the original [religious] discrimination charge."  *Wilson*, 767 F. Supp. at 306.  Moreover, the factual allegation underlying that new theory of liability (that male staff members were treated better than females), was not included in the original charge.  *See* ECF No 9-3 at 2.  Under these circumstances, when the "original EEOC charge did not focus on or even suggest" that Dillard had a sex discrimination claim, the "amended claims are too different to relate back to the filing date of the original EEOC charge."  *Baker-Notter v. Freedom F., Inc.*, No. 18-cv-2499 (RC), 2019 WL 4601726, at *7 (D.D.C. Sept. 23, 2019).

[2] Although the timely filing of an EEOC claim is not jurisdictional, the burden is on a plaintiff to "establish his eligibility to invoke equitable tolling."  *Gupta v. Northrop Grumman*

Not so fast, says Dillard.  She argues that the first right-to-sue letter—issued one day after she filed her charge—was invalid because the EEOC "failed to conduct any investigation at all." ECF No. 11 at 3.  And she is right that the D.C. Circuit has held that the relevant statute imposes a "mandatory and unqualified" duty on the EEOC to investigate a charge.[3]  Dillard contends that her 90-day window began only after she filed the second charge—which for purposes of these two claims related back to the first charge—and she received the *second* right-to-sue letter.[4]  Thus, she argues, her complaint is timely because she sued DC-CAP within 90 days of that *second* right-to-sue letter.[5]  In response, DC-CAP says the Court has no grounds to declare the first right-to-sue letter invalid because the Court may not review an EEOC investigation, which is committed to its discretion.  As explained below, the Court agrees with DC-CAP that because the EEOC represented in the first right-to-sue letter that it *did* investigate her claims—however briefly—this Court has no authority to second-guess how it did so.  Thus, because it has no basis to declare the first right-to-sue letter invalid, Dillard's complaint was untimely, and the Court must dismiss the

---

*Corp.*, 462 F. Supp. 2d 56, 59 (D.D.C. 2006).

[3] *Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1346 (D.C. Cir. 1999); *see also* 42 U.S.C. § 2000e-5(b) ("Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . . the Commission . . . *shall* make an investigation thereof.") (emphasis added).

[4] Dillard does not suggest that the filing of her second charge reset the 90-day window, an argument that courts have rejected.  *See Jackson-Pringle v. Wash. Metro. Area Transit Auth.*, No. 20-cv-1880 (JDB), 2022 WL 2982107, at *7 (D.D.C. Jul. 28, 2022); *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 23 (D.D.C. 2008) ("[A] second right to sue letter tolls the limitations period only if the EEOC issues the letter pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b).") (cleaned up).  Instead, her argument rests on the idea that the first right-to-sue letter was invalid, and that therefore, her 90-day clock did not start until her receipt of the second right-to-sue letter.

[5] Dillard contends that the second right-to-sue letter was valid because it was issued more than 180 days after she filed her original charge, which, under the statute, permits an individual to commence a civil action upon receipt of a right-to-sue letter, notwithstanding the status of any EEOC investigation.  42 U.S.C. § 2000e-5(f)(1).

remaining claims.

Dillard's argument that the first right-to-sue letter was invalid because the EEOC conducted no investigation at all comes up well short of the mark. To begin, Dillard's claim that the EEOC conducted no investigation was not properly alleged in her Amended Complaint, and so it cannot prevent its dismissal. Although Dillard now disavows characterizing her claim as one that the EEOC failed to conduct a *reasonable* investigation—presumably because she knows the Court may not review the reasonableness of such an investigation, *see Martin v. EEOC*, 19 F. Supp. 3d 291, 303 (D.D.C. 2014)—that is precisely what she alleged in the Amended Complaint.[6] As the Amended Complaint states: "The EEOC's dismissal within 24 hours precludes the possibility that the Agency made a *reasonable* investigation of Plaintiff's charge." ECF No. 8-1 at 3 (emphasis added). At no point does the Amended Complaint allege that the EEOC conducted no investigation at all. And "it is well-settled that a plaintiff cannot remedy pleading defects with new facts stated for the first time in opposition to a motion to dismiss." *Boyer v. United States Citizenship & Immigr. Servs.*, No. 21-cv-2684 (TSC), 2022 WL 5241848, at * 1 (D.D.C. Oct. 6, 2022); *see also Reeves v. Fed. Bureau of Prisons*, 885 F. Supp. 2d 384, 388 n.4 (D.D.C. 2012). For that reason alone, the Amended Complaint must be dismissed.

More important, though, is that even if the Court allowed Dillard to amend the complaint to fix this problem, the Court could hardly conclude on this record that the EEOC conducted no investigation at all. In the right-to-sue letter, the EEOC informed Dillard that it would "not proceed *further with its investigation* and [made] no determination about whether *further* investigation would establish violations of the statute." ECF No. 9-2 at 2 (emphasis added). Thus, the EEOC

---

[6] Similarly, Dillard lets slip in her briefing that "no *genuine* investigative actions can occur within a day." ECF No. 11 at 8 (emphasis added).

represented to Dillard that an investigation *did* occur but that it decided not to proceed further, choosing instead to dismiss the charge and permit her to sue. That the EEOC investigated her claim is underscored—not undermined—by what Dillard herself points out: that this language is how the agency typically describes when it investigates a charge and decides to issue a "no cause" determination. ECF No. 11 at 3.

Moreover, even assuming the Court could go beyond the EEOC's representations in an otherwise facially valid right-to-sue letter to consider whether an investigation occurred, Dillard again comes up short. Her argument that the EEOC conducted no investigation at all turns solely on the timing of events: that the EEOC sent her a right-to-sue letter the day after receiving her charge. The Amended Complaint includes no other specific factual allegations that, if true, suggest that the EEOC did not investigate her charge. But the mere timing of the letter is not enough, especially given the EEOC's representations to the contrary, to show that no investigation took place—only that such an investigation was quite cursory. Thus, even assuming that the effect of the EEOC's wholesale failure to investigate would mean that the first right-to-sue letter in March 2022 was invalid, Dillard has not shown that is what happened here. Her remaining claims, therefore, were untimely brought, and must be dismissed.

None of the district court cases from outside this jurisdiction that Dillard cites cast doubt on the proposition that the Court may not review the adequacy of an EEOC investigation solely based on its alleged brevity. Quite the contrary. For example, Dillard cites *EEOC v. JBS USA, LLC* for the proposition that "the EEOC must perform an investigation, and [c]ourts will review whether an investigation occurred." 940 F. Supp. 2d 949, 964 (D. Neb. 2013). Fair enough. But the court in that case then rejected the notion that such a review allowed it to determine "whether the investigation was incomplete, careless, or one-sided, or whether the investigation was 'a sham

enterprise undertaken to reach a predetermined conclusion.'"  *Id.*   So too here.  Dillard also relies on *E.E.O.C. v. Sterling Jewelers, Inc.*, 3 F. Supp. 3d 57 (W.D.N.Y. 2014), but there, the opinion she cites was vacated by the Second Circuit because "the magistrate judge, while purporting to examine the existence of the EEOC's investigation, actually considered its sufficiency."  *E.E.O.C. v. Sterling Jewelers Inc.*, 801 F.3d 96, 102 (2d Cir. 2015).

In addition, in none of the cases Dillard cites did a court hold that the EEOC's failure to adequately investigate a charge—or its purported failure to investigate at all, for that matter— voided a facially valid right-to-sue letter that said it had done so.  In fact, the procedural posture of those cases was quite different from this one.  They all involved suits brought by the EEOC itself, and the courts had to consider whether the EEOC had conducted an investigation because "[b]efore the EEOC is able to file a lawsuit in its name, it must establish that it has met four conditions precedent," including that it "conducted an investigation."  *E.E.O.C. v. Sterling Jewelers*, Inc., 3 F. Supp. 3d 57, 62 (W.D.N.Y. 2014); *see also Equal Emp. Opportunity Comm'n v. Swissport Fueling, Inc*., 916 F. Supp. 2d 1005, 1025 (D. Ariz. 2013) ("There are certain steps that must be taken before the EEOC may pursue litigation.").  Here, by contrast, the EEOC is not a party in this action.

Finally, Dillard cites *Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1346 (D.C. Cir. 1999), arguing that—at the least—its "core reasoning" applies here to invalidate the first right-to-sue letter.  ECF No. 11 at 7.  In *Martini*, the D.C. Circuit considered a regulation that authorized the EEOC to issue a right-to-sue letter before investigating a charge if it determined that an investigation was unlikely to be completed within 180 days.  The court held that the regulation was unlawful, because the EEOC could not issue such a letter without violating its "express statutory duty to investigate every charge filed."  *Martini*, 178 F.3d at 1347.  But unlike here, the

parties in *Martini* agreed that the EEOC had undertaken no investigation at all. Thus, the holding of *Martini* "appl[ies] only when the EEOC has not dismissed a charge," which it did here. *Thomas v. WMATA*, 305 F. Supp. 3d 77, 83 (D.D.C. 2018).

## IV. Conclusion

For all these reasons, the Court will grant DC-CAP's motion and dismiss the Amended Complaint with prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 29, 2024